Reese, J.
delivered the opinion of the court.
In this case three questions are made: Is the issuance of process in a civil suit upon the Sabbath day matter in abatement of the writ or summons? We think it is, by the effect and purview of the acts of 1794, ch. 1, sec. 9, 1777, ch. 8, sec. 6, and 1821, ch. 1, sec. 2, 3, and probably independently of the provisions of those statutes. 2d, Is the averment that the process issued *107 upon the 15th December, the Sabbath, as appears by the endorsement thereon, a sufficient averment that it in fact issued on the 15th? We think it is. It avers both that it-issued on that day and that such fact appears by the legal and necessary endorsement upon the writ. 3d, Is the amendment of a plea in abatement by the leave of the Circuit Court, in a matter of form, such an error as can be assigned and relied on in this court for the purpose of reversal? We think it is not. Certainly, pleas in abatement, being looked upon as dilatory, are to be discouraged by the court. This is the general principle; and, therefore, if the amendment had been refused, ample as are the powers of the Circuit Court to grant amendments, we should certainly not have field such refusal to have been erroneous. But the amendment was allowed. It was legally competent for the Circuit Judge, in the exercise of his discretion, so to have done; and it would be a difficult and invidious duty in this court to speculate on what would have been their own action in such a case, if sitting in the Circuit Court, and to hold it to have been an abuse of the legal discretion of the Judge. We cannot therefore hold this grant of leave to amend, to have been an error for which we ought to reverse the judgment. The same will be affirmed.
Note. — Law processes are not to be served on Sunday, unless it be in cases of treason and felony. Sunday is not a day in law for proceedings. Tomlin, vol. 3, 358 See Petersdorff, vol, 4, 759, for a collection of English authorities in reference to contracts and legal proceedings on Sunday,